FILED
 2017 Oct-16  AM 11:53
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

ELIJAH CHAMBERS SIZEMORE,       )
                                )
    Plaintiff,                  )
                                )
vs.                             )
                                )
CAFÉ IZ LLC, and                )
R & D ENGLISH VILLAGE, LLC,     )
                                )
    Defendants.

_____

## **COMPLAINT**

### I. JURISDICTION

1.   This case is brought pursuant to the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §12101 *et seq*.   Jurisdiction of this Court exists pursuant to 28 U.S.C. §1331.

2.   Plaintiff timely filed his charge with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment.  Plaintiff has filed this suit within 90 days after receipt of his right-to-sue letter issued from the EEOC.

## II. PARTIES

3. Plaintiff Elijah Chambers Sizemore ("Plaintiff") is an adult citizen of the United States and a resident of Tuscaloosa County, Alabama.

4. Defendant Café IZ LLC ("Café IZ") is an Alabama limited liability corporation with a principal place of business in Jefferson County, Alabama and an employer as that term is contemplated under the ADA.

5. Defendant R & D English Village, LLC ("R & D") is a Delaware limited liability corporation with a principal place of business in Jefferson County, Alabama and an employer as that term is contemplated under the ADA. Café IZ and R & D are jointly referred to herein as "Defendants."

## III. FACTS

6. Paragraphs 1-5 above are incorporated by reference.

7. During all time relevant to this complaint, Café IZ owned and operated an "IZ Café"[1] restaurant, a bakery, a private event facility, and a catering operation in Vestavia Hills, Alabama.

8. During all times relevant to this complaint, Kay Bruno Reed ("Reed") was an owner and operator of Café IZ.

---

[1] The restaurant apparently was originally named "Café IZ" and later renamed "IZ Café."

9. In or about August of 2014, Reed hired Plaintiff to serve as manager at a new IZ Café opened in Mountain Book, Alabama.

10. Plaintiff suffers from muscular atrophy and did so during the events of this case.

11. Plaintiff's co-workers and Reed were aware of it.

12. As a result of it, Plaintiff has muscle weakness and fatigues more quickly than most people.

13. Plaintiff was able to perform all the essential functions of his job with occasional help with physically demanding work.

14. In or about May of 2016, the Mountain Brook location was converted from a restaurant to selling grocery and speciality food items.

15. After the change, Plaintiff's management responsibilities were taken from him, including scheduling, taking inventory, and opening the store.

16. Plaintiff had worked earlier hours, which better suited him, but he was then moved to working later and later shifts.

17. Plaintiff never refused to work a later shift but advised Reed that later shifts did not work well for him.

18. Plaintiff work hours then began to be reduced.

19. On or September 27, 2016, Reed told Plaintiff that she was terminating him because of his "health" issues and availability.

20. The claim about Plaintiff's availability was false and pretextual: though he preferred an earlier shift as stated, he was available to work as needed and had never said he would not or could not work a shift he was assigned.

21. Further, there were other employees available to work later shifts.

22. In response to Plaintiff's precedent EEOC charge filed against Café IZ, R & D asserted that it owned and operated the Mountain Brook location and was Plaintiff's employer.

23. R & D and Café IZ are and were jointly owned and operated by Reed.

## IV. CAUSES OF ACTION

### COUNT I

### ADA

24. Paragraphs 1-23 are incorporated herein.

25. Plaintiff's muscular atrophy constituted a physical impairment under the ADA.

26. Due to this impairment, Plaintiff was and is substantially limited with respect to the major life activity of operation of the musculoskeletal system.

27. Plaintiff was and is disabled under the ADA.

28. Plaintiff was a qualified individual able to perform the essential functions of his position, with accommodation.

29. Defendants were Plaintiff's joint employers or a single employer/ integrated enterprise with respect to employment of Plaintiff.

30. Defendants violated Plaintiff's rights under the ADA by terminating his employment because of his disability.

31. Defendants are jointly and severally liable to Plaintiff for their violation of Plaintiff's rights.

32. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendants' actions described herein violated the ADA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendants, and their agents, employees, successors, and those acting in concert with Defendants, from continuing to violate the ADA;

(iii)  That the Court enter an Order requiring Defendants to make Plaintiff whole by reinstating Plaintiff and placing him in the position he would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendants to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(iv)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
State Bar. No. ASB-2472-P75A
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Telephone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

<u>Defendants' Addresses:</u>
Café IZ LLC
c/o CSC Lawyers Incorporating SVC, Inc.
150 S Perry St.
Montgomery, AL 36104

R & D English Village, LLC
c/o Mary B. Reed, Registered Agent
3325 Rocky Ridge Plaza
Birmingham, AL 35243